FILED
JAMES BONINI
CLERK

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (CINCINNATI)**

05 JUN 30 AM 3: 58

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST DIV CINCINNATI

PERIMETER TECHNOLOGIES, INC.
4601 Malsbary Road
Cincinnati, Ohio 45242,

        Plaintiff,

        v.

KATHERINE D. CAVANAUGH
4177 Monroe Street
Gary, IN 46408

        Defendant.

:
:
:
:
:
:
:
:
:
:
:
:

Case No.: **1:05 CV 447**

Judge

SPIEGEL, J.

J. BLACK

## COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT; FEDERAL ANTICYBERSQUATTING RELIEF; FEDERAL UNFAIR COMPETITION AND DILUTION OF FAMOUS MARKS; COMMON LAW TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND TORTIOUS INTERFERENCE

      Plaintiff Perimeter Technologies, Inc. (hereinafter "Plaintiff" or "Perimeter"), by and through undersigned counsel, for its Complaint against Defendant Katherine D. Cavanaugh, (hereinafter, "Defendant" or "Cavanaugh"), states as follows:

      1.     This is a civil action for trademark infringement under the Federal Trademark Act, 15 U.S.C. §1051 *et seq.* (the Lanham Act); violations of the Federal AntiCybersquatting Consumer Protection Act, 15 U.S.C. §1125(d); Federal Unfair Competition and Dilution of Famous Marks; and trademark infringement, unfair competition and tortious interference under Ohio Common Law, arising from Defendant's use of the domain name "petstop.com."

      2.     On or about January 18, 1994, Plaintiff (or its predecessors in interest) registered the Trademark "Pet Stop" (Typed Drawing) with the USPTO, Registration No.

1817361, and on or about April 25, 1995, Plaintiff (or its predecessors in interest) registered the Trademark "Pet Stop" (Design Plus Words, Letters, and/or Numbers) with the USPTO, Registration No. 1890881 (collectively, the "Pet Stop Marks").

3.      On November 5, 2002, Defendant registered the Trademark "Pets Top" with the USPTO, claiming International Class 035 (Advertising and Business) in order to "promot[e] the goods and services of others by preparing and placing advertisements in an electronic magazine accessed through a global computer network."

4.      On or about March 28, 1997, Defendant registered the domain name "petstop.com."

5.      Between the year 2000 and present, Plaintiff has contacted, on numerous occasions, Defendant regarding said domain name. Plaintiff has also made a written offer to purchase the domain name "petstop.com" from Defendant. Defendant refused, and has continued in its appropriation of the Plaintiff's marks, despite Defendant's knowledge that such use infringes Perimeter's rights in its trademarks.

## Parties

6.      Plaintiff Perimeter is an Ohio corporation with its principal place of business located at 4601 Malsbary Road, Cincinnati, Ohio 45242. Perimeter, which does business as Pet Stop Corporation, is engaged in the business of providing the goods and services relating to electrical underground fencing for containment of pets and electronic devices positionable in collars for use with electronic animal confinement systems.

7.      Upon information and belief, Defendant is an individual who resides in Indiana and owns and maintains the website located at domain name "petstop.com."

## Jurisdiction and Venue

2

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1131 and 1338(a) and pursuant to diversity jurisdiction under 28 U.S.C. § 1332 (there is complete diversity as to Plaintiff and Defendant and the amount in controversy exceeds $75,000). This Court has jurisdiction over the related Ohio state law claims contained herein pursuant to 28 U.S.C. §1367. Personal jurisdiction in this district is proper under Ohio's long-arm statute, Ohio Rev. Code § 2307.382(A)(3) because Defendant regularly does or solicits business in the State of Ohio. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b)(2).

### Facts

9. Perimeter is the owner of the trademarks listed in paragraph 2 above. Current certified copies of each identified trademark registration will be filed with the court.

10. The certificates of registration identified in paragraph 9 are valid and subsisting and record title in Perimeter; the certificates of registration are *prima facie* evidence of the validity of the registrations, the Registrant's ownership of the marks, and provide constructive notice of the Registrant's claim of ownership under 15 U.S.C. § 1072.

11. The name and Pet Stop Marks and variants thereof have been extensively and continually advertised and promoted by Perimeter within the United States, and substantial amounts of time, effort, and money have been expended over the years in ensuring that the general public associates such marks exclusively with Perimeter (dba Pet Stop) and its products.

12. Perimeter has been vigilant in protecting its interests in the Pet Stop Marks and has frequently acted against misuse of the Pet Stop Marks by unauthorized third parties.

### First Cause Of Action
### (Federal Trademark Infringement)

3

13.     Perimeter realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 12 of the Complaint.

14. Defendant has infringed, and continues to infringe, Plaintiff's Pet Stop Marks by, and without Plaintiff's consent, using the mark in interstate commerce in connection with the maintenance of the website located at the domain name "petstop.com." The aforementioned acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

15.     Perimeter's federal registrations on the Principal Register for the mark "Pet Stop" are conclusive evidence of Perimeter's exclusive right to use these marks, pursuant to the Lanham Act, 15 U.S.C. § 1115. The registrations are incontestable, which provides conclusive evidence of their validity, Perimeter's ownership of the marks and exclusive right to use the marks in commerce.

16.     Defendant's use of the Pet Stop Marks is likely to cause confusion as to sponsorship or authorization by Perimeter, or alternatively, destroy the origin-identifying function of the Pet Stop Marks.

17.     As a proximate result of Defendant's actions, Perimeter has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits and the strength of its trademarks. The injury to Perimeter is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate Perimeter for its injuries and Perimeter lacks an adequate remedy at law.

18.     Perimeter is entitled to a permanent injunction against Defendant, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and attorney's fees.

4

## Second Cause Of Action
### (Anti-Cybersquatting Consumer Protection Act- 15 U.S.C. § 1125(d))
### (Lanham Act § 43(d))

19.     Perimeter realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 18 of the Complaint.

20.     Plaintiff is the owner of a mark as defined in the Federal Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)1(A). The name and mark at issue and the infringing domain name, consist of Plaintiff's legal name, a confusing similar rendition of Plaintiff's name, and/or a name that is commonly used to identify Plaintiff.

21.     Plaintiff is informed and believes, and thereon alleges, that Defendants, with a bad faith intent to profit from the Pet Stop mark and name, registered, trafficked in, and/or use domain names that are confusingly similar to and dilutive of Plaintiff's mark and name.

22.     The Defendant wrongfully took over the registrations of the petstop.com domain name which is confusingly similar to Plaintiff's mark "Pet Stop."

23. Plaintiff's mark is distinctive and was distinctive at the time of the Defendant's "hijacking" of the petstop.com domain name.

24.     As a direct and proximate result of the foregoing acts by the Defendant, Plaintiff has suffered damages in an amount to be determined at trial.  Plaintiff is also entitled to the transfer of the domain names back to his control, pursuant to 15 U.S.C. § 1125(d)(1)(c).

## Third Cause Of Action
### (Federal Unfair Competition, False Designation of Origin, Passing Off and False Advertising)

25.     Perimeter realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 24 of the Complaint.

26. The Pet Stop Marks, as used by Perimeter and its licensees in connection with providing goods and services relating to the industry of pet containment, are distinctive marks and have become associated with Perimeter and thus exclusively identify Perimeter's business, products, and services.

27. Because of Defendant's wrongful use of the Pet Stop Marks, consumers are deceptively led to believe that the website "petstop.com" originates with or is sponsored or otherwise approved by Perimeter, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), or alternatively, will cause patrons to believe that the Petstop Marks are generic, thus destroying the goodwill and value Perimeter has built with the Pet Stop Marks.

28. The foregoing acts and conduct by Defendant constitute false designation of origin, passing off and false advertising in connection with products and services distributed in interstate commerce, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

29. Defendant's acts, as set forth above, have caused irreparable injury to Perimeter's goodwill and reputation. The injury to Perimeter is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate Perimeter for its injuries and Perimeter lacks an adequate remedy at law.

30. Perimeter is entitled to a permanent injunction against Defendant, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and attorney's fees.

**Fourth Cause Of Action**
**(Dilution of Famous Marks)**

31.     Perimeter realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 30 of the Complaint.

32.     The Pet Stop Marks are famous trademarks within the meaning of the Anti-Dilution Act, 15 U.S.C. § 1125(c).

33.     Perimeter has no control over the quality of the Defendant's web site or its use of the Pet Stop Marks.

34.     As a result of such use by Defendant, the distinctive qualities of the Pet Stop Marks are being and will continue to be diluted.

35.     Defendant's operating of a website with the domain name utilizing Plaintiff's marks, is and will continue to result in the dilution of the distinctive nature of the Pet Stop Marks through blurring, in violation of 15 U.S.C. § 1125(c).

36.     Defendant's wrongful conduct constitutes a threat to the distinctiveness of the Pet Stop Marks that Perimeter has expended great efforts to develop and maintain through its control over the licensing and usage of the Pet Stop Marks.

37.     The distinctive nature of the Pet Stop Marks is of high value, and Pet Stop is suffering and will continue to suffer irreparable harm and blurring of the Pet Stop Marks if Defendant's wrongful conduct is allowed to continue.

38.     Defendant's operating of a website with the domain name utilizing Plaintiff's marks will likely continue unless enjoined by this Court.

39.     Perimeter is entitled to a permanent injunction against Defendant, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and attorney's fees.

### Fifth Cause Of Action
### (Common Law Trademark Infringement)

40.     Plaintiff hereby reincorporates by reference each and every allegation contained in Paragraph 1 through 39, inclusive, as if set forth in full herein.

41.     Defendant has used, and continues to use, the Pet Stop marks and, or confusingly similar variations thereof, in interstate commerce.

42.     Defendant falsely represents, describes and designates the origin of and other facts related to the provision of the website located at "petstop.com", in a manner that is likely to cause confusion, to cause mistake, and/or to deceive as to the affiliation, connection, and association of Defendant with Plaintiff's Pet Stop Marks. Defendant's conduct confuses the public about the origin, endorsement, sponsorship, or approval of Defendant's services and/or products in violation of Plaintiff's common law rights in Plaintiff's Pet Stop marks.

43.     Plaintiff has suffered damages as a direct and proximate result of Defendant's use of such false descriptions or representations, including confusion and deception of the trade and purchasing public, incalculable injury to its goodwill and business reputation, and the expenditure of attorney's fees, for which Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer irreparable injury unless Defendants' acts of infringement are enjoined by this Court.

### Sixth Cause Of Action
### (Common Law Unfair Competition)

44.     Plaintiff hereby incorporates by reference each and every allegation contained in Paragraph 1 through 43, inclusive, as if set forth in full herein.

45.     Defendant's activities constitute unfair and unlawful practices in violation of the common law of the State of Ohio to the injury of Plaintiff and the public.

8

46.     Defendant's conduct has damaged Plaintiff in an amount to be determined at trial, and, unless restrained, will seriously impair further the value of Plaintiff's marks.

## Seventh Cause Of Action
### (Common Law Tortious Interference)

47.     Plaintiff hereby incorporates by reference each and every allegation contained in Paragraph 1 through 46, inclusive, as if set forth in full herein.

48.     Defendant, by her misuse of the Pet Stop marks, is deceiving, confusing and misguiding the public to believe that petstop.com is authorized by or associated with Plaintiff.

49.     Defendant's activities constitute tortious interference in violation of the common law of the State of Ohio to the injury of Plaintiff and the public.

50.     Defendant's actions are willful and constitute intentional interference with Plaintiff's contractual relationships with customers and potential customers.

51.     Defendant has taken the domain name petstop.com and interfered with Plaintiff's business for an unlawful purpose.

52.     Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial. Plaintiff also suffered and continues to suffer irreparable and incalculable injury to its business reputation, goodwill and to the integrity of its marks. Plaintiff's remedies at law cannot adequately compensate for the ongoing injuries from Defendant's conduct.

WHEREFORE, Perimeter prays for judgment against Defendant as follows:

(1)     that Defendant, her officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendant be enjoined from doing any of the following:

9

a. Falsely or inaccurately describing or designating the origin of or other facts related to any goods or services in a manner that is likely to cause confusion, mistake or deception as to the affiliation, connection and association of Defendant with the Plaintiff.

b. Conducting business or operating in any manner, in any capacity, using Plaintiff's Pet Stop marks, designation, or any name or mark confusingly similar;

c. Using any of the Pet Stop Marks for goods or services, or on the internet, or as domain names, email addresses, meta tags, invisible data, or otherwise engaging in acts or conduct that would cause confusion as to the source, sponsorship or affiliation of Defendant with Perimeter;

(2) that Defendant, in accordance with 15 U.S.C. § 1116(a), be directed to file with this court and serve upon Perimeter within thirty days after service of the permanent injunction a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the permanent injunction;

(3) that Perimeter recover its actual damages sustained as a result of Defendant's wrongful actions;

(4) that Perimeter recover Defendant's profits made as a result of Defendant's wrongful actions;

(5) that Perimeter recover three times Defendant's profits made as a result of Defendant's wrongful actions or three times Perimeter's damages, whichever is greater;

(6) that this case be deemed an exceptional case under 15 U.S.C. §§ 1117(a) and (b) and that Defendant be deemed liable for and ordered to reimburse Perimeter for its reasonable attorneys' fees;

10

(7)     that Perimeter be awarded exemplary damages for Defendant's willful and intentional

acts;

(8)     that Perimeter recover its costs of court; and

(9)     that Perimeter recover such further relief to which it may be entitled.

Dated:  June 30, 2005

Respectfully Submitted,

Janet Ellen Beers (OH 0077465)
Tina J. Barrett (OH 0077464)
THE WOLFE PRACTICE
4445 Lake Forest Drive, Suite 420
Cincinnati, Ohio 45242
Telephone: (513) 618-8700
Facsimile: (513) 618-8740
E-mail: ebeers@thewolfepractice.com
E-mail: tbarrett@thewolfepractice.com
*Counsel for Plaintiff*